884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Ralph BUNNY, Defendant-Appellant.
 No. 88-5210.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1989.
Decided Aug. 28, 1989.
 
 James B. Rich, III, on brief for Appellant.
 William A. Kolibash, United States Attorney, Patrick M. Flatley, Assistant United States Attorney, on brief for appellee.
 Before MURNAGHAN, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Two West Virginia police officers, disguised in heavy make-up and driving a "souped-up" Monte Carlo automobile with Virginia license tags, purchased cocaine in Charles Town, West Virginia, twice on the evening of January 21, 1988, from a man they knew from past acquaintance and identified as Ralph Bunny. After a grand jury indictment, the West Virginia police arrested Bunny on April 9, 1988, finding a small amount of cocaine in one of his pockets and a vial with cocaine residue within his control nearby. At a jury trial, he was convicted of two counts of possession of cocaine or "crack" with intent to distribute within one thousand feet of a public elementary school, and one count of the lesser included offense of possession of cocaine in violation of title 21, United States Code, sections 341(a)(1) and 845a(a). The trial judge twice denied Ralph Bunny's Rule 29 motions for acquittal, and denied his post-trial motion for a new trial. Bunny appeals. We affirm.
 
 
 2
 Bunny contends that the testimonial identification of him by two police officers was not substantial evidence to support the jury's finding of guilt beyond a reasonable doubt. Bunny, acquainted with both officers for up to seven years, had worked at the same location as one of the officers and had gone on a fishing trip with the other officer. He argues that it is inherently unbelievable that on one evening he would have sold or attempted to sell illegal drugs three times to these officers, even though they were disguised by heavy make-up and, on a winter evening, drove into town in a car with out-of-state tags. Bunny does not present an argument contesting the evidence of his possession of cocaine at the time of his arrest.
 
 
 3
 A motion for acquittal of a judgment must be denied when a reasonable mind could conclude, based on substantial evidence, that the defendant is guilty beyond a reasonable doubt. United States v. Stockton, 788 F.2d 210 (4th Cir.), cert. denied, 479 U.S. 840 (1986). The trial court must not weigh the evidence or assess the credibility of witnesses for the purpose of ruling on a motion for acquittal. Burks v. United States, 437 U.S. 1, 16 (1978). In reviewing a denial of motion for acquittal, we must view the evidence in a light most favorable to the government. Glasser v. United States, 315 U.S. 60 (1942); United States v. Stockton, 788 F.2d 210 (4th Cir.), cert. denied, 479 U.S.840 (1986).
 
 
 4
 We hold that there is sufficient evidence to support Bunny's conviction. Two witnesses who knew Bunny from years of past associations identified him as the man who sold them cocaine at two different times on the evening of January 21, 1988. It is plausible that Bunny would not have recognized them, disguised as they were by both make-up and their presence in an automobile with out-of-state tags. The jury had an opportunity to observe both witnesses while they were not wearing make-up and compare their appearance in disguise as shown in a photo taken on the evening of January 21, 1988.
 
 
 5
 In view of the above, the judgment of the district court is affirmed. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 6
 AFFIRMED.